IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHRISTOPHER JAY SCAPEROTTA, #A6083262,<br><br>            Plaintiff,<br><br>      vs.<br><br>WARDEN NEAL WAGATSUMA, *et al.*,<br><br>            Defendants. | CIVIL NO. 20-00551 JAO-RT<br><br>ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS BY A PRISONER AND DENYING MOTIONS TO APPOINT COUNSEL |

## <u>ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS BY A PRISONER AND DENYING MOTIONS TO APPOINT COUNSEL</u>

Before the Court is pro se Plaintiff Christopher Jay Scaperotta's ("Scaperotta") Applications to Proceed In Forma Pauperis by a Prisoner (collectively, "IFP Application"), ECF Nos. 7, 9, his Motion to Appoint Counsel, ECF No. 7, and Motion to Appoint Tutor / Counselor / Aid / Arbitrator / Mediator / Investigator, ECF No. 8 (collectively, "Motions to Appoint Counsel"). Scaperotta is currently incarcerated at the Oahu Community Correctional Center. For the following reasons, the IFP Application is GRANTED and the Motions to Appoint Counsel are DENIED.

# I.  **IFP APPLICATION**

Scaperotta qualifies as a pauper, and his IFP Application is GRANTED.  *See* 28 U.S.C. § 1915(a)(1).  Scaperotta is obligated to pay the full filing fee regardless of the outcome of this suit.  *See* 28 U.S.C. §§ 1915(b)(1) & (e)(2).  Scaperotta shall pay an initial partial filing fee of 20% of the greater of:  (1) the average monthly deposits to his  account; or (2) the average monthly balance in his account for the six-month period immediately preceding the filing of the Complaint.  28 U.S.C. § 1915(b)(1).  Thereafter, Scaperotta shall make monthly payments equaling 20% of the preceding month's income credited to his account, when the amount in his account exceeds $10.00, until the $350.00 civil filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

# II.  **MOTIONS TO APPOINT COUNSEL**

Scaperotta also moves the Court to appoint counsel.  *See* ECF Nos. 7, 8. There is no constitutional right to counsel in a civil case where, as here, a litigant's liberty is not at issue.  *See Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981). A court may request, but cannot compel, counsel to appear *pro bono* on a plaintiff's behalf.  *See* 28 U.S.C. § 1915(e)(1); *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 310 (1989).  The Court's discretion to appoint *pro bono* counsel is governed by several factors, including a plaintiff's likelihood of success on the merits and ability to articulate the claims in light of their

2

complexity.  A plaintiff must also show "exceptional circumstances" that support the appointment of counsel.  *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (internal quotation marks omitted).

Scaperotta seeks appointment of counsel because he is "educationally handicapped" and "physically disabled," ECF No. 7 at 1, and he is "naive in legal proce[e]dings," ECF No. 8-1 at 3.  Scaperotta can read and write and is able to coherently articulate his claims.  All pro se prisoners' ability to litigate a case is hampered to some extent by their indigency and incarceration.  A cursory review of Scaperotta's claims does not reveal that they are particularly complex or show exceptional circumstances supporting the appointment of counsel.  Importantly, the Court has not yet screened Scaperotta's Complaint, ECF No. 1, to determine whether it states a plausible claim for relief against the named Defendants and should be served.  Until then, it is impossible to determine Scaperotta's likelihood of success on the merits of his claims or whether there are exceptional circumstances that justify the appointment of counsel here.  *Terrell*, 935 F.2d at 1017.

Scaperotta's Motions to Appoint Counsel are DENIED without prejudice to his refiling another request after his Complaint has been screened, served, and Defendants have filed an Answer or other response.

IT IS HEREBY ORDERED that:

(1)  Scaperotta's IFP Application is GRANTED.  The Hawaii Department of Public Safety or its designee the Warden of the Oahu Community Correctional Center ("OCCC"), shall calculate, collect, and remit to the Clerk of Court an initial partial payment equaling 20% of Scaperotta's average monthly balance or average monthly deposits to his account, whichever is greater.  Thereafter, the Warden or designee shall collect monthly payments equaling 20% of Scaperotta's preceding month's income when the account exceeds $10.00, until the $350.00 filing fee is paid in full.  *See* 28 U.S.C. § 1915(b)(2).  These payments must be identified by the name and number assigned to this action.

(2)  The Clerk SHALL serve a copy of this order on Scaperotta, the OCCC Warden and Financial Office, Laurie Nadamoto, Esq., and Shelley Nobriga Harrington, Esq., Department of Public Safety Litigation Coordinators, and submit a copy of this order to the District of Hawaii's Financial Department.

//

//

//

//

//

4

(3)  Scaperotta's Motions to Appoint Counsel are DENIED.

IT IS SO ORDERED.

DATED:  Honolulu, Hawai'i, February 2, 2021.



Jill A. Otake
United States District Judge

*Scaperotta v. Wagatsuma, et al.*, Civil No. 20-00551 JAO-RT; ORDER GRANTING APPLICATION TO
PROCEED IN FORMA PAUPERIS BY A PRISONER AND DENYING MOTIONS TO APPOINT COUNSEL

5